UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/21

Starr Indemnity & Liability Company,

Petitioner,

–v–

G&G Underwriters, LLC,

Respondent.

19-cv-7835 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court are cross-petitions to confirm or vacate an arbitration award in favor of G&G Underwriters, LLC, and against Starr Indemnity & Liability Company. The Court finds no basis to disturb the arbitral award and so confirms it.

I.  **Background**

Following a dispute over the proper calculation of insurance underwriting commissions, G&G initiated arbitration proceedings against Starr to recover allegedly underpaid commissions. Arbitration Award, Dkt. No. 9-3, at 1–2. The parties arbitrated under the terms of their agency agreement. *See* Dkt. No. 9-2, art. XX. In the first phase of that arbitration, which concerned G&G's claims for additional commissions and lost profits, the arbitral panel held that Starr improperly included unallocated loss adjustment expenses in its calculations of G&G's commissions. Arbitration Award at 3. The arbitral panel further held that it had the authority to award attorney's fees under the agency agreement and awarded fees to G&G.

These cross-petitions concern the arbitral panel's fee award. Starr contends that the arbitral panel erred because the agency agreement's indemnity provisions, in its view, require

indemnification of only those attorney's fees incurred in litigation with third parties. *See* Agency Agreement, art. X. G&G contends that both the indemnity and arbitration provisions of the agency agreement granted the arbitrator the discretion to award fees.

## II.     Legal Standard

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (some internal citations and quotation marks omitted) (quoting 9 U.S.C. § 9). "'An extremely deferential standard of review' is appropriate in the context of arbitral awards 'to encourage and support the use of arbitration by consenting parties.'" *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, No. 18-cv-2714 (AJN), 2019 WL 1349527, at *2 (S.D.N.Y. Mar. 26, 2019) (cleaned up) (quoting *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007)). "Only 'a barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 110 (quoting *Landy Michaels Realty Corp. v. Local 32B–32J, Service Employees Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). In the Second Circuit, a court may vacate an arbitration award only for one of the statutory bases outlined in the Federal Arbitration Act or if the arbitral panel acts in manifest disregard of the law. *Porzig*, 497 F.3d at 139.[1]

---

[1] Starr curiously claims that New York law, rather than federal law, governs the standard of review applicable to its petition, citing *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117 (2d Cir. 1991). *See* Brief in Support of Petition, Dkt. No. 21, at 5. However, as *Barbier* explains, the Federal Arbitration Act governs a petition to confirm or vacate an arbitration award in federal court even in diversity cases where state law provided the rule of decision in the underlying arbitration. *See Barbier*, 948 F.2d at 120. In any case, there is essentially no difference in the high bar a petitioner must surmount to vacate an arbitration award under New York law, and the Court would reach the same result under either standard.

**III.    Discussion**

The arbitral decision here easily passes muster under this highly deferential standard of review.  An arbitral decision amounts to a manifest disregard of the law only if "(1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it all together, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Bear, Stearns & Co., Bear, Stearns Sec. Corp. v. 1109580 Ontario, Inc.*, 409 F.3d 87, 90 (2d Cir. 2005).  The arbitral panel here carefully considered the text of the agency agreement and nothing indicates that the panel knew of and yet disregarded any clearly applicable legal principle.

Starr contends that the arbitral panel manifestly disregarded the law by interpreting the indemnity provision of the agency agreement, which allows for recovery of attorney's fees, to extend beyond third-party claims.  *See* Agency Agreement, art. X.  To be sure, New York courts have often interpreted indemnity provisions to allow fee awards only for third-party claims.  *See, e.g.*, *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 106 N.E.3d 1176, 1186 (N.Y. 2018); *Hooper Assocs., Ltd. v. AGS Computers, Inc.*, 548 N.E.2d 903, 905 (N.Y. 1989).  But they have hardly been uniform in this result.  *See, e.g.*, *Breed, Abbott & Morgan v. Hulko*, 541 N.E.2d 402, 403 (N.Y. 1989); *Wilmington Tr. Co. v. Morgan Stanley Mortg. Cap. Holdings LLC*, 58 N.Y.S.3d 358, 359 (App. Div. 2017).  Considering the mixed authority on this question, which often turns on a close parsing of the contractual language in question, the Court cannot conclude that the arbitral panel manifestly disregarded the law in its interpretation of the indemnity provision.  There is at the very least "a barely colorable justification for the outcome reached." *D.H. Blair*, 462 F.3d at 110.

---

*See Rochester City Sch. Dist. v. Rochester Tchrs. Ass'n*, 362 N.E.2d 977, 980 (N.Y. 1977) (allowing a court to disturb an arbitration award only if it is "completely irrational").

The arbitral panel's decision also rested on a separate, independent ground. The panel held that the agency agreement's "honorable engagement" clause granted it discretion to award remedies not specifically provided for by law, including fees. *See* Arbitration Award at 5; Agency Agreement, art. XX. "Courts have read such clauses generously, consistently finding that arbitrators have wide discretion to order remedies they deem appropriate." *Banco de Seguros del Estado v. Mut. Marine Off., Inc.*, 344 F.3d 255, 261 (2d Cir. 2003); *see, e.g.*, *On Time Staffing, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 784 F. Supp. 2d 450, 454 (S.D.N.Y. 2011). The "honorable engagement" language in the agency agreement's arbitration provision is nearly identical to that in *Banco de Seguros* and reflects an intention to grant the arbitrator wide discretion in crafting remedies to effect justice in any particular case. Starr offers no argument why the Court should overlook this provision. Thus, even if the arbitral panel erred in its interpretation of the indemnity provision, it had a sound basis to award fees in its discretion.

## Conclusion

For the foregoing reasons, the Court DENIES Starr's petition to vacate the arbitration award (Dkt. No. 6) and GRANTS G&G's cross-petition to confirm it (Dkt. No. 8). The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

Dated: August 9, 2021
      New York, New York

                                            ALISON J. NATHAN
                                        United States District Judge